UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGEL DAVID RIOS-ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-01709-PLC |
| | ) |
| ALL CLERGY INSIDE D.O.C. OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Angel David Rios-Rosa to proceed in the district court without prepaying fees or costs. For the following reasons, the motion will be denied and this action will be dismissed.

### The Prison Litigation Reform Act, 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). However, "[a] prior dismissal on a statutorily enumerated ground counts as a strike

even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). For purposes of this section, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

A review of this Court's files and the files of the District Court for the Western District of Missouri shows that plaintiff has previously brought at least four civil actions that were dismissed on grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Rios-Rosa v. Armstrong*, No. 1:23-cv-118-SNLJ (E.D. Mo. Sept. 11, 2023); *Rios-Rosa v. Breisacher, et al.*; No. 5:23-cv-6072-HFS23 (W.D. Mo. Aug. 31, 2023); *Rios-Rosa v. SECC Financial Office Members*, No. 1:23-cv-24-MTS (E.D. Mo. Mar. 7, 2023); and *Rios-Rosa v. Limbaugh, et al.*, No. 1:23-cv-2-MTS (E.D. Mo. Feb. 28, 2023). Additionally, on August 28, 2023, the Western District of Missouri found plaintiff to be a "three-striker" in *Rios-Rosa v. Financial Office of JCC, et al.*, 5:23-cv-6094-HFS (W.D. Mo. Aug. 28, 2023). Therefore, the Court cannot permit plaintiff to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Although unclear, plaintiff's complaint seems to allege that defendants "Alls Clergys on Missouri D.O.C." violated his constitutional rights under the First Amendment and Fourteenth Amendment. Plaintiff states that in November, 2023, while he was housed in administrative segregation at the Jefferson City Correctional Center, "Members of Rock of Ages Ministry" "did rounds" talking about Christianity. (ECF No. 1 at 4). He implies that defendants must be violating his constitutional rights because for the nearly three years he was imprisoned at the Southeast Correctional Center, only this Christian group was allowed to "do rounds on administrative segregation." *Id.* Plaintiff states that he is Jewish, and speculates that "racism towards [my] religion" was being committed at the Jefferson City Correctional Center and the Southeast Correctional Center.

Plaintiff has not alleged that he is in imminent danger of serious physical energy. The Court cannot find any danger of injury arising out of his allegations. He has failed to demonstrate that the exception to the three-strikes provision in § 1915(g) applies. Therefore, the Court will deny plaintiff's application to proceed in the district court without prepayment of filing fees and costs and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **DENIED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(g), this action is **DISMISSED without prejudice** to plaintiff refiling a fully-paid complaint

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 27th day of December, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE